County Court, Kings County, October, 1912.     [Vol. 78.

In the Matter of the Application of MAURICE KAUFMAN for the Determination of the Sufficiency of the Alleged Independent Certificate of Nomination of JOHN O. NELSON for Representative in Congress from the Tenth Congressional District of Kings County.

(County Court, Kings County, October, 1912.)

Election Law — jurisdiction — use of word "Progressive."

The use of the word "Progressive" by any organization or individual other than "The National Progressive Party," though in conjunction with other names, would tend to create confusion and a loss of votes through inadvertence on the part of some electors, and the court under section 125 of the so-called "Levy Election Law" has jurisdiction to pass upon the right to the use of said word in a certificate of nomination.

APPLICATION to determine sufficiency of a certificate of independent nomination.

Owens, Gray & Tomlin, for petitioner.

A. R. Watson, corporation counsel (Charles J. Druhan, of counsel), for board of elections.

John O. Nelson, in person.

DIKE, J. · I am asked to construe the so-called Levy Election Law with special reference to section 125 particularly dealing with the conflict of names in emblems, and section 134 relating to objections to certificates of nomination upon this concededly last day, under that law, upon which a decision may be made upon the questions raised.

The petitioner, Maurice Kaufman, an elector of the tenth congressional district of the state of New York, prays this court to determine the sufficiency of the alleged certificate of nomination filed in the office of the board of elections of the city of New York, nominating one John O. Nelson for the

office of representative in congress from the tenth congressional district, and praying further that the right of the signers of the alleged certificate of nomination to use the political name "Progressive" be determined.

The so-called Levy Election Law now in force, and under which the board of elections is now acting, has made certain important modifications which the court should have ample time to construe, and under the present belated application I feel that I cannot go but little into certain phases which ordinarily could arise under such an application as this.

*First,* there is no question but what the court has jurisdiction under section 125 of the Election Law to pass upon a certain phase, namely, as to the right to use in this case the word "Progressive." The second part of section 125 reads: "Any question arising with reference to any device, or to the political party or other name designated in any certificate of nomination filed pursuant to the provisions of this article, or with reference to the construction, sufficiency, validity or legality of any such certificate, shall be determined * * * by a county judge within his county, who shall make such order in the premises as justice may require."

The petition purporting to nominate the said John O. Nelson for representative in congress, filed with the board of elections, apparently contains the signatures of 788 alleged voters. The designation of the party is "Independent Progressive." The petitioner herein asks for the elimination of the word "Progressive" as a part of this political designation. There is among the political parties asking for the votes of citizens this year, one designated "the National Progressive Party," and there is a candidate of that party designated in the tenth congressional district, one Jacob L. Holtzman. His certificate of nomination, containing, as is alleged, about 1,300 signatures of electors residing in that congressional district, has been filed. The word "Progressive" as applied to a political party is, so far as I am aware, in the brief time accorded me to make this decision, made use of for the first time this year. It is a designation that has become in a way descriptive of the

County Court, Kings County, October, 1912.     [Vol. 78.

party first making use of this word in connection with its complete designation, " The National Progressive Party." Popular and common reference is made to the party, using the word " Progressive " frequently by the word alone. It is, in a way, an asset, and the use of it by·any other organization or individual, even in conjunction with other names, would tend, in my judgment, to create confusion and a loss of votes through inadvertence on the part of some electors. Ballots should be clear in their designation; confusion should be eliminated wherever possible, and I must, therefore, hold that the name of the said John O. Nelson must not appear upon said ballot under the designation " Independent Progressive " or any other designation which contains the word " Progressive."

In the brief time allotted to me, I have examined the petitions submitted by the said John O. Nelson and filed with the board of elections, and I find that the petition is defective in that the said John O. Nelson has acted in at least 500 cases as a commissioner of deeds taking the acknowledgments, it simply appearing upon each petition: " John O. Nelson, Commissioner of Deeds." The venue in each case appears to be: " State of New York, County of Kings." There is nothing to show proper authority by said John O. Nelson under the law governing the taking of acknowledgments in this way. In many cases I have found that the petitioners are resident without the tenth congressional district, as appears by the map submitted. For these reasons I am constrained to hold that these petitions are fatally defective as it would be manifestly improper for said John O. Nelson to appear as candidate for this office when there is no proper justification for the board of elections to place his name upon the ballot as a candidate for this office. Service upon said Nelson may be made as requested in the petition herein on account of the exceedingly brief time allowed by the Election Law.

Ordered accordingly.